UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ADVANCE RELOCATION & STORAGE, INC. d/b/a
ADVANCE COMMERCIAL MOVERS,

        Plaintiff,

  -against-

LOCAL 814, UNITED BROTHERHOOD
OF TEAMSTERS, AFL-CIO, et al.,

        Defendants.
----------------------------------------------------------------------X

<u>Order</u>
CV-03-4475 (DGT)(JMA)

A P P E A R A N C E S:

Kenneth A. Novikoff, Esq.
Rivkin Radler LLP
926 EAB Plaza
Uniondale, NY 11558-0926
Attorney for Plaintiff

Diana D. Parker, Esq.
162 East 80th Street
New York, NY 10021
Attorney for Defendants Globe Storage & Moving Co., Inc. and Alan Fleisher

AZRACK, United States Magistrate Judge:

    This is a case alleging extortion by a labor union and various companies in the moving industry. Defendants Globe Storage & Moving Co., Inc. and Alan Fleisher ("Globe") request an order pursuant to Local Rule 37.3(c) striking plaintiff's objections to Globe's Requests to Admit or requiring plaintiff to make certain admissions. Globe contends that plaintiff's refusal to admit certain of the Requests violates Rule 36(a) of the Federal Rules of Civil Procedure.[1] Plaintiff opposes the relief sought and

---

[1] Rule 36(a) provides that a

offers explanations for the requests which it does not admit or deny.  I have reviewed the Requests to Admit and the submissions of the parties.  I find that plaintiff's refusal to admit Requests No. 4, 7, 9, 10, 12 and 16 violate Rule 36(a).  I therefore order plaintiff to admit or deny those Requests.  As for Request No. 3, I find plaintiff's explanation reasonable as to why the Request could not be answered.  I therefore do not order plaintiff to answer Request No. 3.

Request No. 4: This Request calls for plaintiff's interpretation of documents, specifically, whether the documents seek "legitimate labor ends."  This is a Request requiring plaintiff to admit or deny the truth of an "application of law to fact."  See Rule 36(a).  It is therefore a proper Request and must be answered.

Request No. 7: This Request also calls for plaintiff's admission of the truth of an opinion of the application of law to fact, specifically, whether a non-party breached a contract with plaintiff.  It is also a proper Request and must be answered.

Requests No. 9 and No. 16: These Requests ask plaintiff to admit the truth of an opinion of fact.  Plaintiff objects on the grounds that discovery into the amount of various bids is ongoing.  But Rule 36(a) states that

> [a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable

---

> party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

Fed. R. Civ. P. 36(a).

2

inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed. R. Civ. P. 36(a). The only way that plaintiff can avoid answering these Requests is by invoking this exception. Plaintiff must either invoke the exception or answer the Requests.

<u>Requests No. 10 and No. 12</u>: These Requests ask plaintiff to admit the truth of an opinion of fact, specifically, the meaning of an RFP. The Requests ask plaintiff if the RFP required bidders to be members of the defendant union. These are proper Requests and must be answered. See <u>Booth Oil Site Administrative Group v. Safety-Kleen Corp</u>., 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("A statement of a party's understanding of the meaning or intent of a document is [] a statement of fact, and where the question of the meaning of the document is at issue in the case, a request directed to another party seeking admission or denial of a document's meaning or intent . . . is authorized by Rule 36").

<u>Request No. 3</u>: Request No. 3 asks whether allegations "are based on statements in substance the same as the statements contained [in certain documents.]" Plaintiff objects on the ground that it cannot answer the Request because it does not know whether "based on" means based wholly or in part. Plaintiff also objects on the ground that it does not understand the phrase "in substance the same as." If Globe is inclined, it can redraft this Request to remove any ambiguities; otherwise, plaintiff does not have to answer the Request.

SO ORDERED.

Dated: Brooklyn, New York
August 8, 2005

_____/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE